IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| IOWA INTERSTATE RAILROAD, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> CHICAGO TRANSLOAD, INC., <br><br> Defendant. | No. 06-CV-121-LRR <br><br> **ORDER** |

## I. INTRODUCTION

Before the court are the Motion to Dismiss, filed by Defendant Chicago Transload, Inc. ("CTL"), and the Motion for Leave to File Amended Complaint ("Motion to Amend"), filed by Plaintiff Iowa Interstate Railroad, Ltd. ("IAIS").

## II. PRIOR PROCEEDINGS

On August 18, 2006, IAIS filed a one-count Complaint against CTL alleging breach of tariff, namely, a failure to pay certain demurrage charges.[1] On September 11, 2006, CTL filed the instant Motion to Dismiss. On September 28, 2006, IAIS filed a Resistance to CTL's Motion to Dismiss and the instant Motion to Amend. CTL has not filed a resistance to IAIS's Motion to Amend, although the time for doing so has not passed. The

---

[1] In the railroad industry, "demurrage" is "a charge exacted by a carrier from a shipper or consignee on account of the failure on the latter's part to load or unload cars within the specified time prescribed by the applicable tariffs." Black's Law Dictionary 298 (abr. 6th ed. 1991); *see also Dana Corp. v. ICC*, 703 F.2d 1297, 1303 (D.C. Cir. 1983) (adopting same definition). "[T]he purpose of the charge is to expedite the loading and unloading of cars, thus facilitating the flow of commerce, which is in the public interest." Black's Law Dictionary at 298.

court finds it is appropriate to rule on the Motion to Amend without waiting for a resistance. *See* LR 7.1(e).[2]

### III. FACTUAL BACKGROUND[3]

IAIS is a railroad that carries freight in interstate commerce. IAIS is a Delaware corporation with its principal place of business in Cedar Rapids, Iowa. CTL is an Illinois corporation with its principal place of business in Blue Island, Illinois.

IAIS operates a railroad line that serves CTL's facility in Blue Island. IAIS picks up and delivers railcars from CTL. IAIS's transfer of railcars to and from CTL is governed by Tariff IAIS 6004-C ("Tariff").

From January of 2006 to June of 2006, IAIS delivered various railcars to CTL under the terms of the Tariff. CTL did not return the railcars on time. Specifically, CTL did not return the railcars within the so-called "free day" requirements set forth in the Tariff. As a consequence, CTL owes IAIS $78,550 in demurrage under the terms of the Tariff.

IAIS demanded that CTL pay the demurrage charges, but CTL refused to pay them. As a consequence, CTL has breached the Tariff and damaged IAIS in the amount of $78,550, exclusive of interest and costs.

---

[2] In its Resistance and Motion to Amend, IAIS requests that the court hear oral argument on the Motion to Dismiss and the Motion to Amend. The court finds oral argument is not necessary.

[3] In deciding a motion to dismiss, the court must accept the allegations in the Complaint as true. *Bhd. of Maintenance of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). The court must view the facts in the light most favorable to the nonmoving party and afford the nonmoving party all reasonable inferences. *Id.*

## IV. PENDING MOTIONS

In the Motion to Dismiss, CTL points out that there is a typographical error in IAIS's Complaint. CTL points out that IAIS invokes this court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1338.[4] Section 1338 is plainly inapplicable to this case. In pertinent part, § 1338 states that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a). CTL points out that IAIS presumably intended to plead subject-matter jurisdiction under 28 U.S.C. § 1337. Section 1337 states that "[t]he district courts shall have original jurisdiction of any civil action . . . arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies," 28 U.S.C. § 1337(a), including "action[s] brought under [49 U.S.C. §§ 11706 or 14706] . . . if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a). Therefore, CTL asks the court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. CTL claims that the Complaint "facially . . . fails to confer jurisdiction on this court."

In its Resistance, IAIS concedes that it made a typographical error in its Complaint.

---

[4] The Complaint states:

> This Court has jurisdiction over this dispute by virtue of 28 U.S. Sec. 1338 [sic] which provides that the District Court shall have jurisdiction for all actions involving freight bills where the amount at issue exceeds $10,000, a jurisdictional requirement satisfied in this case. Further, 49 U.S.C. [§§] 11706 and 14706 apply to the collection of freight bills and demurrage charges.

Complaint, at ¶ 6.

In the Motion to Amend, IAIS seeks to amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a) to reflect the proper basis for the court's subject-matter jurisdiction. IAIS also seeks leave to amend to provide additional factual bases for Count 1 and add a claim for unjust enrichment.

In pertinent part, Rule 15(a) provides:

> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a) (emphasis in original). Rule 15(a) reflects Congress's desire to "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). All pleadings "must be construed as to do substantial justice." Fed. R. Civ. P. 8(f).

"[L]eave to amend should be freely granted when necessary to establish jurisdiction." *United Steelworkers of Am., AFL-CIO v. Mesker Bros. Indus., Inc.*, 457 F.2d 91, 93 (8th Cir. 1972) (citing *Taylor v. Beckas*, 424 F.2d 905, 906-08 (D.C. Cir. 1970) and *Int'l Ladies' Garment Workers' Union v. Donnelly Garment Co.*, 121 F.2d 561, 562-64 (8th Cir. 1941)); *see also Victory v. Manning*, 128 F.2d 415, 417 (3d Cir. 1942) ("[W]hen a motion to dismiss on ground of lack of jurisdiction of the subject matter is considered, the court . . . should freely allow amendments to show that there is jurisdiction."); *Moll v. S. Charters, Inc.*, 81 F.R.D. 77, 79 (E.D.N.Y. 1979) ("This rule

of liberality applies with particular force where . . . amendment is sought to cure defective allegations of subject[-]matter jurisdiction.") (citing 3 *Moore's Federal Practice* § 15.09 at 15-130-31 (2d ed. 1979)). IAIS filed its Complaint less than two months ago, trial has not been scheduled and discovery has not commenced. Because CTL has not made any showing that granting IAIS's Motion to Amend would unduly prejudice CTL or that IAIS is "guilty of undue delay, bad faith, dilatory motive," *cf. Doe ex rel. Doe v. Sch. Dist. of the City of Norfolk*, 340 F.3d 605, 616 (8th Cir. 2003), the court shall grant the Motion to Amend. It would be patently unjust to derail IAIS's entire case without reaching the merits simply because of typographical error that can be easily corrected.[5]

Because the court shall grant IAIS's Motion to Amend, it shall deny CTL's Motion to Dismiss as moot. The court recognizes that CTL's Motion to Dismiss challenges a number of other aspects of IAIS's Complaint not limited to the typographical error in IAIS's invocation of this court's subject-matter jurisdiction. For example, CTL asks the court to order IAIS to provide a more definite statement as to whether Count 1 is a federal statutory claim or a common law contract claim. CTL also claims that 49 U.S.C. §§ 11706 and 14706 do not apply to "rail carriers" such as IAIS. If CTL believes IAIS's Amended Complaint is subject to the same deficiencies and should be dismissed for the same or similar reasons, it should file a new motion to dismiss as permitted by the Federal Rules of Civil Procedure and the Local Rules.

---

[5] The court also notes that the Complaint appears to show that this court has diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.*

## V.  DISPOSITION

**IT IS THEREFORE ORDERED:**

(1) The Motion to Amend (docket no. 9) is **GRANTED**;

(2) The Motion to Dismiss is **DENIED AS MOOT WITH LEAVE TO REFILE**; and

(3) The Clerk of Court is directed to detach and file IAIS's Amended Complaint (docket no. 9-3).

**IT IS SO ORDERED.**

**DATED** this 6th day of October, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA